**Surinder Singh SANDHU, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 00–71150.
I & NS No. A90–782–515.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided April 26, 2002.

---

Before GOODWIN, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Surinder Singh Sandhu petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") finding Sandhu deportable as an alien who "knowingly ... encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." Former Immigration and Nationality Act § 241(a)(1)(E)(i), 8 U.S.C. § 1251(a)(1)(E)(i). We grant the petition for review, vacate the order and remand to the INS.

The facts are well known to the parties and will be stated only as necessary to understand the order. The question before us is whether the INS failed to prove by clear, convincing and unequivocal evidence that the woman and children, tentatively identified as the Bhaths, whom Sandhu allegedly assisted in entering the United States, were aliens. There is no serious controversy that Sandhu participated in assisting certain persons to enter the United States from Canada. The missing link in the government's evidence was caused by its failure to prove by clear and convincing evidence that the persons whom Sandhu helped to enter the United States were aliens whose entry was illegal. For all the record shows, the Bhaths could have been Canadian residents who are permitted to cross the international border without documentation and whose entry is not necessarily illegal. The question whether the persons who crossed the border did so illegally was, at the time this case was argued, still pending on a show cause order that the INS brought against the Bhaths.

"[N]o deportation order may be entered unless it is found by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true." *Woodby v. INS,* 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). "We, on review, must determine whether there is reasonable, substantial, and probative evidence in the record as a whole to support the IJ's conclusion that the INS has successfully carried this heavy burden." *Gameros–Hernandez v. INS,* 883 F.2d 839, 841 (9th Cir.1989). "When, as here, the BIA has conducted an independent review of the record, we review its decision rather than the IJ's." *Lal v. INS,* 255 F.3d 998, 1001 (9th Cir.2001).

At the hearing before the IJ, Agent Gervol testified that he had concluded that the Bhaths were illegal aliens because they had no passports, there was no record of them on the computerized immigration database, and Ms. Bhath admitted to someone that they were citizens of India. This evidence does not meet the "clear, unequivocal, and convincing" standard. *Woodby,* 385 U.S. at 286.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Agent Gervol's memory about what happened during the processing and questioning of the suspects is hazy and vague on several key issues. For example, when asked whether Ms. Bhath made any claim to be legally in the United States, Agent Gervol replied, "I'm not sure she even understood exactly what that meant. . . ." The following answers to questioning by the IJ also illustrate the quality of the INS's case:

Judge: [O]n what basis then did you conclude [the Bhaths] were aliens?

Gervol: They admitted to it. The mother admitted in the routine questioning that she was born in India and was a citizen and national of India.

Judge: That was admitted to you?

Gervol: That was just based on her testimony in processing and an I–213.

Judge: You see, I don't have the I–213 for consideration at this point. Did you prepare the I–213 Officer Gervol?

Gervol: I'm not certain if I did or didn't.

On cross-examination, Agent Gervol admitted that he did not remember personally questioning Ms. Bhath about her immigration status, nor did he remember who did question her. On re-direct examination, Agent Gervol was asked how he learned that the Bhaths were illegal aliens. He replied, "I really don't recall if I asked her specifically but I know someone did," and "it's possible that more than one agent had asked her independently of each other and myself being one of them but I simply don't recall if I was one or the only one or one of the agents who did ask her that information which was used in the processing." Agent Gervol explained that the Bhaths were not entered into any of the computerized immigration databases that he checked, but he conceded that if a person was born in the United States, he or she would not show up on any of those databases. The Border Patrol Agents who processed the Bhaths, Sandhu, and the two Canadian men did not take written statements from any of them.

The IJ, in assessing Agent Gervol's testimony about the alienage of the Bhaths, stated that "the officer's testimony is rather ambiguous in that regard too[.]" The IJ asked: "[U]pon what evidence do you believe that we can rely that shows that this respondent encouraged, assuming arguendo these people are aliens now, *we don't really have any proof of that really.* But assuming arguendo they're aliens . . . ." (emphasis added).

In sum, the INS's case rests on the alleged admission by Ms. Bhath to some unknown agent that she and her daughters were citizens of India, combined with their lack of documents and the failure of their names to appear on the computerized INS databases. At most, the record supports the conclusion that the Bhaths probably were in violation of the law, but " 'probably' is a lower standard than 'clear, unequivocal, and convincing.' " *Cortez–Acosta v. INS,* 234 F.3d 476, 481 (9th Cir.2000) (noting that clear, unequivocal, and convincing is a "very demanding" standard of proof).

For example, it is possible that the Bhaths were Canadian citizens, who are not required to present a passport or visa to enter the United States. *See* 8 C.F.R. § 212.1. Because the INS failed to carry its "heavy" burden of meeting the "very demanding" standard of proving by clear, unequivocal and convincing evidence that the Bhaths were in the United States illegally, we grant the petition for review, vacate the decision of the BIA, and remand the case to the BIA.

VACATED AND REMANDED.